**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

Digi International, Inc., a Delaware Corporation authorized to do business in Minnesota,

Plaintiff,

v.

Lantronix, Inc., a Delaware Corporation,

Defendant.

Court File No. 01-CV1206 (JRT/JGL)

**PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties are direct competitors and unprotected disclosure of information during discovery could cause them significant competitive harm;

WHEREAS, the parties agree that a protective order is necessary in this case;

WHEREAS, to facilitate production and receipt of information during discovery in this action, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, having heard the arguments of counsel and being well and fully advised in the premises, the Court enters the following Order for the protection of trade secrets and other confidential research, development, and commercial information that may be produced or otherwise disclosed by the parties during the course of this action;

IT IS ORDERED THAT:

1. "Confidential" and "Attorneys Eyes Only" Information and Unprotected Information

Any party to this litigation, or any nonparty who elects to be covered by this Order, who, in



AUG 2 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

discovery, produces or discloses any item of discovery may designate the same as "Confidential" or "Attorneys Eyes Only" information.

a. Definition of "Confidential" Information

For purposes of this Order, "Confidential" information shall mean all information and material that is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain proprietary or confidential material or information which the designating party desires not to be made public, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own Confidential information is not precluded by this Order from disclosing or using that Confidential information in any manner as it may deem fit.

b. Definition of "Attorneys Eyes Only" Information

For purposes of this Order, "Attorneys Eyes Only" information shall mean all information and material, which is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain trade secrets or other confidential research, development, design, financial data, business plans, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which is of a sensitive nature that could cause competitive harm if disclosed to a receiving party; and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty that produces or discloses its own "Attorneys Eyes Only" information is not precluded by this Order from disclosing or using that Attorneys Eyes Only information in any manner as it may deem fit.

c. Categories of Unprotected Information

Testimony, documents, and other information shall not be considered Confidential or Attorneys Eyes Only to the extent the content or substance thereof:

i. is, at the time of disclosure, in the public domain by publication or otherwise;

ii. becomes at any time, through no act or failure to act on the part of the receiving party, part of the public domain by publication or otherwise;

iii. is already in the possession of the receiving party at the time of disclosure and was not acquired directly or indirectly from the producing party;

iv. is made available to the receiving party by a nonparty who obtained the same by legal means and without any obligation or confidence to the party claiming its confidential nature; or

v. contains any information that the receiving party can show was independently and lawfully developed by it.

For purposes of this Order, specific disclosures of documents or information, including but not limited to, disclosures as to marketing practices and techniques, advertising, design specifications, operating procedures, operating conditions, financial data, and the like, shall not be deemed to fall within one of the exclusions listed above merely because such specific disclosures are embraced by more general information in the public domain or in the possession of the receiving party. Further, any combination of features shall not be deemed to be within one of the foregoing exclusions merely because individual features are in the public domain or in the possession of the receiving party, but only if the combination itself is in the public domain or in the receiving party's possession.

2. Methods of Designating Confidential and Attorneys Eyes Only Information

a. Designation of Confidential Information

For the purposes of this Order, Confidential information contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, responses to requests for admission, etc., or copies thereof, shall be designated by stamping or affixing thereto a legend substantially as follows: **CONFIDENTIAL**.

b. Designation of "Attorneys Eyes Only" Information

For the purposes of this Order, "Attorneys Eyes Only" information contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, responses to requests for admission, etc., or copies thereof, shall be designated by stamping or affixing thereto the legend: **ATTORNEYS EYES ONLY**.

c. Designation of Oral Deposition Testimony

Oral deposition testimony of any party, nonparty or any person employed by, formerly employed by or acting on behalf of a party to this action may be designated Confidential or Attorneys Eyes Only by requesting the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or by giving written notice to all other parties of the portions of the transcribed testimony designated Confidential or Attorneys Eyes Only information within seven (7) days of the date that the deposition transcript is received by counsel. No such deposition transcript shall be disclosed to any person other than the persons described in paragraph 6 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during those seven (7) days, and no person attending such a deposition shall disclose the

contents of the deposition of any person other than those qualified to receive such information pursuant to this Order during the said seven (7) days.

3. Designation of Information Produced for Inspection

In the event the producing party elects to produce files and records for inspection and the inspecting party desires to inspect these files and records, no markings need be made by the producing party in advance of initial inspection, although the producing party may do so at its discretion. For purposes of the initial inspection, all documents within the produced files and records shall be considered as marked "ATTORNEYS EYES ONLY" in accordance with this Order. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Confidential information as "CONFIDENTIAL" and documents as may contain Attorneys Eyes Only information as "ATTORNEYS EYES ONLY" in accordance with this Order prior to producing the copies.

4. Challenges to Designations

A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party challenges in writing at any stage in this action the designation of the information, the designating party shall, within seven (7) days of such challenge, substantiate the basis for such designation in writing. If no substantiation is proffered, the information shall not thereafter be deemed designated under this Protective Order. The parties then shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the claim of confidentiality may seek appropriate relief from the Court. The party claiming confidentiality shall have the burden of proving that the information is confidential.

5. Inadvertent Disclosure

a. If the producing party inadvertently discloses to a receiving party any document, thing or information that the producing party deems confidential without designating it as CONFIDENTIAL INFORMATION or Attorneys Eyes Only without designating it as ATTORNEYS EYES ONLY, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY as specified by the producing party under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

b. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

6. Restrictions on Disclosure of Protected Information

Confidential or Attorneys Eyes Only information shall be held in confidence by each authorized person to whom it is disclosed, shall be carefully maintained so as to preclude access by persons who are not authorized under this Order to receive such information, and shall be used in accordance with the terms of this Order solely for the limited purposes of preparing for and conducting the trial and pretrial proceedings of this action or any subsequent appeals thereof.

Any Confidential or Attorneys Eyes Only information designated as set forth in paragraph 2 of this Order shall be handled by a receiving party in accordance with this Order.

a. Restrictions on Disclosure of Attorneys Eyes Only Information

Attorneys Eyes Only information shall not be disclosed to any person other than:

i. outside counsel of record selected by each party in this action and paralegal, secretarial and clerical personnel assisting such counsel;

ii. court reporters and their necessary stenographic and clerical personnel;

iii. photocopy services employed or retained by the receiving party's outside counsel;

iv. data entry or data processing staff who are employed or retained by the receiving party or its attorneys who are assisting in the development or use of data retrieval systems in connection with this action;

v. staff of drafting or graphics firms employed or retained by the receiving party's attorneys;

vi. no more than six independent outside experts or consultants (an independent outside expert or consultant being a person not employed by a party except

to serve as an expert or consultant in this litigation) together with secretarial, clerical, and support personnel (collectively "the expert support staff") normally employed by such experts or consultants in the course of their activities;

a. No named inventors shall be considered "independent outside experts or consultants" for purposes of this Protective Order only. This limitation shall not be used in any way to prevent such named inventors from testifying as outside experts.

vii. this Court and its personnel.

Notwithstanding any provision of this Order, every person who prosecutes any patent application, reissue proceeding, or reexamination proceeding with the United States Patent and Trademark Office ("USPTO") or any similar proceeding with any foreign counterpart to the USPTO, involving any patent or patent application having claims directed to software for connecting multiple terminals, communication ports or serial ports of a multiport device server or terminal server across a general purpose network, shall not receive information designated as "Attorneys' Eyes Only" under this Order. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within one year after termination of this action.

b. <u>Restrictions on Disclosure or Confidential Information</u>

Confidential information shall not be disclosed to any person other than:

i. outside counsel of record selected by each party in this action and paralegal, secretarial and clerical personnel assisting such counsel;

ii. court reporters and their necessary stenographic and clerical personnel;

iii. photocopy services employed or retained by the receiving party's outside counsel;

iv. data entry or data processing staff who are employed or retained by the receiving party or its attorneys and who are assisting in the development or use of data retrieval systems in connection with this action;

v. staff of drafting or graphics firms employed or retained by the receiving party's attorneys;

vi. no more than six independent outside experts or consultants (an independent outside expert or consultant being a person not employed by a party except to serve as an expert or consultant in this litigation) together with secretarial, clerical, and support personnel (collectively "the expert support staff") normally employed by such experts or consultants in the course of their activities;

a. No named inventors shall be considered "independent outside experts or consultants" for purposes of this Protective Order only. This limitation shall not be used in any way to prevent such named inventors from testifying as outside experts.

vii. previously identified employees of a party identified in writing to the party producing Confidential information, and their support staff, who have agreed on their own behalf and on behalf of their support staff to be bound by the provisions of the Undertaking set forth in the accompanying Exhibit A;

viii. this Court and its Personnel.

In the event that an employee identified under subsection vii. is no longer employed by a party to this action or undergoes a change in position within the party by virtue of which that individual is no longer performing duties in connection with this action, then that individual shall continue to be bound by this Order.

c. <u>Qualification for Access to Confidential or Attorneys Eyes Only Information</u>

i. All persons receiving Confidential or Attorneys Eyes Only information shall be required, before receiving any such information, to sign an Undertaking in the form attached as Exhibit A to this Order. For independent outside experts or consultants, notice of the signing of an undertaking must be made to the other side by providing a copy of the completed undertaking with a detailed resume outlining the experts' or consultants' work experience and educational credentials. The opposing party will then have five calendar days to make any objection in writing to the other side. If such an objection is made, the objecting party must file a motion within thirty days explaining why the person should not be permitted to see Confidential or Attorneys Eyes Only information. No Confidential or Attorneys Eyes Only information may be disclosed to the independent outside expert or consultant until the Court rules on the motion, or the time for objecting has passed without objection, or the time for moving has passed without a motion being filed.

ii. Counsel of record for each party shall not be required to sign any undertaking.

7. Filing Confidential Information or Attorneys Eyes Only Information Under Seal

Confidential information or Attorneys Eyes Only information identified and marked in accordance with paragraph 2 hereof shall not be filed with the Clerk of the Court or included in whole or in part in pleadings, motions, or briefs, except under seal marked with the caption of this case and the following notation, or in the form designated by the Court:

CONTAINS CONFIDENTIAL INFORMATION

TO BE OPENED ONLY AS DIRECTED BY THE COURT

To the extent such materials are so filed under seal, they shall be maintained by the Clerk of the Court in sealed envelopes and opened only by personnel authorized by this Court. A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that it is brought promptly to the Court's attention.

8. This Protective Order shall not prevent either the plaintiff or defendant from (A) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; (B) applying to the Court for further or additional protective orders; or (C) agreeing to modification of this Protective Order, subject to the approval of the Court.

9. Within sixty days after final termination of this action, receiving counsel shall either: (1) return all materials containing or constituting Confidential Information or Attorneys Eyes Only information in their possession, custody or control, and all copies, summaries, abstracts or indices thereof (except to the extent that any of the foregoing includes or reflects receiving counsel's work product), to counsel for the party who provided them in discovery; or (2) shall certify that all such materials have been destroyed. This provision shall not apply to evidence admitted by the Court, whether through documents or testimony.

10. Dates of Conception and Reduction to Practice.

With respect to the conception and reduction to practice dates, Digi will supplement its Answer to Lantronix's Interrogatory No. 4. Lantronix's counsel may show Digi's supplemental Answer to Lantronix's Interrogatory No. 4 to Lantronix's CEO and inside legal staff. In addition, the parties agree that Lantronix's counsel may provide his or her conclusion of the date of reduction to practice and the date of conception to Lantronix's CEO and inside legal staff. Aside from sharing the dates, Lantronix's counsel shall not reveal any documents or information relating to conception or reduction to practice that are designated by Digi as Confidential or Attorneys Eyes Only under this Protective Order.

SO ORDERED:

Dated: Aug 27, 2002

Jonathan G. Lebedoff
United States Magistrate Judge

SUBMITTED AND APPROVED AS TO FORM:

Dated: 8/26/02

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By ______________________________
David W. Beehler (#190792)
Cole M. Fauver (#243139)
Misti Nelc (#296090)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF DIGI INTERNATIONAL, INC.

Dated: 8/22/02

**McDERMOTT, WILL & EMERY**

By ______________________________
Mark P. Wine (#0117936)
2049 Century Park East
34th Floor
Los Angeles, California 90067
(310) 277-4110

**OPPENHEIMER, WOLFF & DONNELLY**
Ernest W. Grumbles
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402
(612) 607-7000

ATTORNEYS FOR DEFENDANT LANTRONIX, INC.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Digi International, Inc., a Delaware Corporation authorized to do business in Minnesota,

Plaintiff,

v.

Lantronix, Inc., a Delaware Corporation,

Defendant.

Court File No. 01-CV1206 (JRT/JGL)

---

**UNDERTAKING OF [AFFIANT]**

STATE OF ____________________ )
) ss.
COUNTY OF ____________________ )

I ,__________________________, being duly sworn, state that:

1. My present address is ______________________________________________

_________________________________.

2. My present employer is ____________________________________________

_________________________________.

3. My present occupation or job description is ___________________________

_________________________________.

4. I have received a copy of the Protective Order in this case signed by Judge Jonathan G. Lebedoff on ______________________, 2002.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any Confidential or Attorneys Eyes Only information or any portion or substance thereof provided to me in the course of this litigation.

7. I will return all materials containing Confidential or Attorneys Eyes Only information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession, and documents or things that I prepared relating thereto and containing such Confidential or Attorneys Eyes Only Information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

8. I understand that if I violate the provisions of this Protective Order I may be subject to sanctions by the Court, among other things.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order against me.

I hereby execute this Undertaking under penalty of perjury.

Dated: ______________________ ______________________________

[AFFIANT]

Sworn to and subscribed before
me this ___ day of _________ ,

______________________
Notary Public

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.